UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
JANET GOGGIN,

                              Plaintiff,                      **COMPLAINT**
                                                                     Jury Demand

             - against -

CITY OF NEW YORK,
NEW YORK CITY DEPARTMENT OF CORRECTIONS,
NEW YORK CITY DEARTMENT OF
 INVESTIGATIONS,CORRECTION CAPTAIN ALI
 FAYAD AND CORRECTION CAPTAIN ROBERT ELLIS
being sued in their individual and professional capacities,

                              Defendants.
--------------------------------------------------------------------X

       Plaintiff JANET GOGGIN, by her attorneys CRONIN & BYCZEK, LLP, complaining of

Defendants CITY OF NEW YORK, CAPTAIN ALI FAYAD and CAPTAIN ROBERT ELLIS,

each being sued in their individual and official capacities as employees of the CITY, allege, upon

information and belief, that:

## NATURE OF ACTION

1.  This is an action for injunctive and equitable relief and money damages on behalf of

     Plaintiff JANET GOGGIN ("Plaintiff") who was, and who is prospectively deprived of

     her statutory and constitutional rights as a result of the Defendants' policies and practices

     of discrimination based upon her  gender, sexual orientation, hostile work environment

     and retaliation. Said policies were implemented under color of law. Plaintiff also alleges

     that she was caused to be injured due to the intentional acts, including, but not limited to,

     reckless disregard of her by employees who violated a rule, law or regulation.


## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by:

   a. Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of gender, sexual orientation, retaliation and hostile work environment;

   b. The Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law;

   c. The unlawful employment practices, violations of plaintiff's civil rights and employment discrimination allegations and the acts complained of herein were committed within the Eastern District of New York.

3. The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; and New York City Administrative Code § 8-502 and § 8-101 *et. seq.*, pursuant to 28 U.S.C. § 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the Plaintiff would ordinarily be expected to try them in one judicial proceeding.

**PLAINTIFF**

4. Plaintiff JANET GOGGIN ("GOGGIN") is a white skinned female who openly identifies as a lesbian and is a citizen of the United States of America having been born in the United States of America.  GOGGIN is a United States Military Veteran having

served for five years in the Army and being Honorably Discharged in 2005 from the Army after serving three tours in Combat. GOGGIN is over twenty-one (21) years of age and is an employee of Defendant CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the NEW YORK CITY DEPARTMENT OF CORRECTIONS ("NYC-DOCS") who sought a special assignment to the NEW YORK CITY DEPARTMENT OF INVESTIGATIONS For the purposes of this litigation, NYC-DOCS may be used interchangeably with Defendant CITY to identify the employer which is Defendant CITY.

## DEFENDANTS

5. Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the CITY and State of New York. CITY is authorized by law to maintain a Police Department ("NYPD") that acts as its agent and for which it is ultimately responsible.

6. Defendant CITY is an employer as defined in Title VII, employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

7. Defendant CAPTAIN ALI FAYAD ("FAYAD"), a middle eastern male, who self-identifies as heterosexual, and upon information and belief is not a US Veteran, was at all relevant times a Captain in the New York City Department of Corrections on loan and special assignment to the New York City Department of Investigations and although currently reassigned back to NYC-DOCS was acting in such capacity and under color of law, at all times relevant herein. Defendant FAYAD was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

8. Defendant CAPTAIN ROBERT ELLIS hereinafter ("ELLIS"), a Caucasian white skinned male, who self identifies as heterosexual, and upon information and belief is not a US Veteran, was at all relevant times a Captain in the New York City Department of Corrections on loan and on special assignment to the New York City Department of Investigations and is acting in such capacity  and under color of law, at all times relevant herein. Defendant ELLIS was at all relevant times Plaintiff's supervisor and is sued in his individual and official capacity.

**PROCEDURAL REQUIREMENTS**

9. Plaintiff has filed suit with this Court within the applicable statute of limitations period.

10. Plaintiff was not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1964.

11. On or about September 13, 2021, Plaintiff GOGGIN submitted a complaint of discrimination internally to Inspector General Dana Roth.  Ms. Roth indicated that she too believed there was discrimination but that the issue was "out of her hands."   To date GOGGIN has received no indication that NYC-DOCS or NYC-DOI has  conducted an investigation into plaintiff's complaint and no remedy has been offered.

12. On or about October 2021, Plaintiff GOGGIN submitted a complaint with the NYSDHR under charge number 10214445 with a dual filing with the  EEOC under charge number 16GC200562.

13. Plaintiff GOGGIN requested and received an" Order of Dismissal for Administrative Convenience" on September 10, 2022.  Although it was requested numerous times,

GOGGIN has yet to receive a  Right to Sue letter from the EEOC but was instructed to utilize the receipt of the NYSDHR Determination as her guide and as such has file suit within the statutory period of time to do so..

## FACTUAL BACKGROUND

14. GOGGIN has been employed by the CITY OF NEW YORK, New York City Department of Corrections since June 5, 2006.  Plaintiff holds the rank of Correction Officer – Investigator and has been assigned to the "Gang Intelligence Unit "since 2018.  GOGGIN has always maintained evaluations that were Good and above standards and has had an unblemished disciplinary record and has never been reported chronic sick. GOGGIN has received numerous accolades from her supervisors and has received three Commendations for Meritorious Conduct. While at DOC, GOGGIN worked on the day tour and had regular days off as Friday and Saturday.

15. On or about June 14, 2021, GOGGIN sought to advance her career and applied to a position in the DOI as an investigator on loan from DOC.  GOGGIN was required to interview and pass a complete background check as well as complete numerous paperwork.  After two months GOGGIN was informed that she had been accepted in the DOI Investigator position and was sent for "Orientation Training" on August 1, 2021.  At that time GOGGIN received her ID Card and Departmental cellular phone and reported for Duty.

16. GOGGIN worked August 2 and August 3, 2021.  While on duty GOGGIN approached FAYAD to introduce herself and was glared at by FAYAD with a

disgusted look and he refused to acknowledge GOGGIN and turned his back on GOGGIN.

17. Shortly thereafter co-worker Correction Officer-Investigator Brian Holario approached GOGGIN to "welcome her to the Team".  However, Holario went on to state "Be careful there are people here who don't want your kind here".

18. FAYAD and ELLIS shunned GOGGIN the entire two days she worked in the DOI office utilizing a definite air of disdain and disgust whenever in her presence.

19. On the evening of August 3, 2021, after working her full tour without being disciplined or in any way even corrected in her task, Assistant Inspector General Sony Fortune phoned GOGGIN to terminate from her position without explanation.  GOGGIN was directed to return to her prior position in the "Gang Investigations Unit".

20. The following day, GOGGIN was directed to return the ID Card and departmental cellular phone to Ms. Cambi.  While returning the DOI  property GOGGIN engaged in a conversation with Cambi to try and discern why she was fired.  Cambi seemed nervous to respond and simply said "you have every right to be upset…the reason was a personal issue with some who don't want … and then as if groping for the right term said, "strong females." Furthermore, upon her return Inspector General Dana Roth agreed to speak with GOGGIN about her termination and apologized but said "it was out of her hands>"

21. The DOI Unit that was comprised of Correction Officer- Investigators was made up of all men and upon information and belief no gay men.  GOGGIN was replaced with a  male who upon information and belief is heterosexual.

22. Defendants FAYAD and ELLIS  held the rank of Captain- Investigator and as such were  supervisors, with the authority to make tangible employment decisions effecting the terms and conditions of employment relating to Plaintiff, including, but not limited to, change of assignments, change of tours, grant or denial of overtime, recommendation for transfers and promotions, issue Command Disciplines and commence disciplinary proceedings against Plaintiff. Plaintiff alleges that FAYAD and ELLIS by virtue of their  rank as Captain and as the "Acting' Commanding Officer over the Corrections Officers given Special Assignment to DOI in the absence of Commanding Officer Dana Roth, rendered GOGGIN powerless over their sexual harassments, discrimination based on gender and sexual orientation.

23. Plaintiff has been subjected to a continuing pattern and practice of discrimination and hostile work environment based upon her military status, gender, and sexual orientation.

24. Plaintiff asserts that the defendants engage in a pattern and practice of discrimination against gay and lesbian officers and retaliate against officers who lodge complaints of discrimination.

25. Plaintiff asserts that despite their awareness of  FAYADS's numerous prior complaints of sexual harassment, gender discrimination and sexual orientation discrimination, the NYC-DOCS assigned FAYAD to command the Correction Officers on Special Assignment to the DOI office and to be in a position to subject other officers to the same conduct and or condone those such actions by others under his Command. Further, once made aware of FAYAD'S sexual harassment, gender discrimination and sexual orientation discrimination of GOGGIN all memorialized in  conversation with

Dana Roth and in the NYSDHR/EEOC Charge, the egregious and discriminatory conduct was allowed to continue and both NYC-DOC and NYC-DOI failed to take any remedial action. In fact, following the filing of the NYSDHR/EEOC complaint GOGGIN was never interviewed by NYC-DOI or NYC-DOI and instead she was forced to undergo the indignity of being involuntarily transferred pout of DOI without explanation.

26. Plaintiff alleges that NYC-DOC and NYC-DOI have a custom, policy and practice of ignoring acts of discrimination based on sexual orientation and ignoring complaints. To this date neither GOGGIN or any of the witnesses she listed in her NYSDHR complaint have been interviewed concerning the charge.

27. Following GOGGIN's filing of an internal Discrimination complaint, and the subsequent NYSDHR/EEOC complaint she has been repeatedly retaliated against in the form of transfer to a unit with less career advancement, change in specialized unit assignment, change of steady tour and days off. As a single mother of a young boy, GOGGIN wanted the regular days off enjoyed by the DOC-Investigators assigned to DOI, Saturday and Sunday.

28. The Hostile work environment grew exponentially more hostile. Specifically, since that time other officers refuse to speak to GOGGIN, supervisors also refuse to greet her and always give her the "cold shoulder."

29. In addition, GOGGIN who was in her 15th year of service, in the twilight of her career, was given a change in her days off, taken off her Special Assignment as an investigator at DOI and was forced to accept a reassignment to her prior assignment due to FAYAD's harassment and discrimination.

30. As a result of the discriminatory and retaliatory treatment, Plaintiff GOGGIN has suffered severe and extreme physical, mental and emotional damages, including but not limited to a mental anguish, insomnia, stress, weight gain, and loss of enjoyment of life among other damages and injuries including both economic and non-economic.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

31. Plaintiff re-alleges paragraphs 1 through 30 and incorporates them by reference as paragraphs 1 through 30 of Count I of this Complaint.

32. Plaintiff alleges that Defendant CITY through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the plaintiff's sexual orientation, of 42 U.S.C. § 2000e-2.

33. As a result of the acts of Defendants under color of law, Plaintiffs suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of

pocket expenses for medical expenses and therapy telephone, postage, and other costs of pursuing the claims herein.

## COUNT II
## GENDER DISCRIMINATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

34. Plaintiff re-alleges paragraphs 1 through 33 and incorporates them by reference as paragraphs 1 through 33 of Count II of this Complaint.

35. Plaintiff alleges that Defendant CITY through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the plaintiffs' gender in violation of 42 U.S.C. § 2000e-2.

36. As a result of the acts of Defendants under color of law, Plaintiff suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT III
## RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

37. Plaintiffs re-allege paragraphs 1 through 36 and incorporate them by reference as paragraphs 1 through 36 of Count III of this Complaint.

38. Plaintiff alleges that Defendant CITY through its agents engaged in various retaliatory actions against Plaintiff as a result of her opposition to sexual orientation, gender discrimination and sexual harassment as a result of her filing such complaints with Defendants and the NYSDHR/EEOC, in violation of 42 U.S.C. § 2000e-3(a).

39. That as a result of the illegal acts of Defendant CITY through its agents, Plaintiff suffered anxiety, insomnia, gain of weight, fatigue, loss of enjoyment of life, depression and anxiety.

<u>COUNT IV</u>
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

40. Plaintiff re-alleges paragraphs 1 through 39 and incorporates them by reference as paragraphs 1 through 39 of Count IV of this Complaint.

41. Plaintiff alleges that Defendant CITY through its agents engaged in various severe and hostile actions towards Plaintiff as a result of her opposition to sexual orientation and gender, discrimination sexual harassment and retaliation and as a result of her filing such complaints with the New York City Department of Corrections and the New York City Department of Investigations and the NYSDHR/EEOC.

42. That as a result of the severe and hostile acts of the Defendant CITY through its agents, plaintiffs suffered anxiety, insomnia, gain of weight, loss of enjoyment of life, depression, anxiety and loss of job opportunities.

<u>COUNT V</u>
**SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF
THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

43. Plaintiff re-alleges paragraphs 1 through 42 and incorporates them by reference as paragraphs 1 through 80 of Count V of this Complaint.

44. Defendants CITY OF NEW YORK, under color of law, personally interfered with and deprived plaintiff of her constitutional rights, including the rights: to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in her person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

45. Defendants, acting individually and in their official capacities as a public official of defendant CITY under color of law, and having been fully advised that plaintiff was

being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in her person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

46. Defendants, in acting to deprive plaintiffs' rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

47. As a result of the acts of the Defendants CITY, under color of law, plaintiff suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT VI**
**GENDER DISCRIMINATION IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

48. Plaintiff re-alleges paragraphs 1 through 47 and incorporates them by reference as paragraphs 1 through 47 of Count VI of this Complaint.

49. Defendants, under color of law, personally interfered with and deprived plaintiff of her constitutional rights, including the rights: to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in her person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

50. Defendants,  acting individually and in their official capacities as a public official of

defendant CITY under color of law, and having been fully advised that plaintiff was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in her person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

51. Defendants in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

52. As a result of the acts of the Defendants, under color of law, plaintiff suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### COUNT VII
### RETALIATION IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

53. Plaintiff re-alleges paragraphs 1 through 52 and incorporate them by reference as paragraphs 1 through 52 of Count VII of this Complaint.

54. Defendants CITY OF NEW YORK, deprived plaintiff of her constitutional rights, including the rights: to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in their person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law.

55. Defendants acting individually and in their official capacities as a public official of

defendant CITY under color of law, and having been fully advised that plaintiff was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, to petition her government for redress of their grievances, to be secure in her person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

56. Defendants CITY OF NEW YORK, in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

57. As a result of the acts of the Defendants CITY OF NEW YORK,  under color of law, plaintiff suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### <u>COUNT VIII</u>
### HOSTILE WORK ENVIRONMENT IN VIOLATION OF<br>THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

58. Plaintiff re-alleges paragraphs 1 through 57 and incorporate them by reference as paragraphs 1 through 57 of Count VIII of this Complaint.

59. Defendants CITY OF NEW YORK, under color of law, personally interfered with and deprived plaintiff of  her constitutional rights, including the rights: to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in her person, to enjoy privacy, to be free from deprivation of life, liberty, and property

without due process of law.

60. Defendants acting individually and in their official capacities as a public official of defendant CITY under color of law, and having been fully advised that plaintiff was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against plaintiff, or knowing such discrimination was taking place, knowingly omitted to act to protect plaintiff from continuing deprivations of her rights to enjoy freedom of speech, to petition her government for redress of her grievances, to be secure in her person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

61. Defendants CITY OF NEW YORK, in acting to deprive plaintiff's rights, acted intentionally, knowingly, willfully, and with gross disregard of plaintiff's rights.

62. As a result of the acts of the Defendants CITY OF NEW YORK, , under color of law, plaintiff suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT IX**
**MONELL CLAIM PURSUANT TO 42 U.S.C. § 1983**

63. Plaintiff re-alleges paragraphs 1 through 62 and incorporate them by reference as paragraphs 1 through 62 of Count IV of this Complaint.

64. Defendants' violations of Plaintiff's constitutional rights while acting under color of

law resulted from a Municipal custom, policy and practice, consistent with the holding in <u>Monell v. Department of Social Services</u>, 438 U.S. 658, 694 n.58, 98 S.Ct. 2037 n.58 (1978).

65. The actions of Defendants, acting under color of state and local law, custom and usage, have deprived Plaintiff and will deprive other minorities in the future of their rights, privileges and immunities under the laws and Constitution of the United States, and in particular, their right to be free from discrimination in employment based solely on sexual orientation, gender, sexual harassment and retaliation for exercising their First Amendment rights to free speech, freedom of association and the right to complain and whistle blow.

66. By these actions, Defendants have jointly and severally deprived Plaintiff of her rights under the Fourteen Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

67. Defendant CITY OF NEW YORK failed to train its employees as to display a deliberate indifference to the constitutional rights to those within the City of New York.

68. Defendant CITY OF NEW YORK knew or should have known of the constitutional violations by its employees but repeatedly failed to report and/or  make any meaningful investigation into charges of constitutional violations by its employees, resulting in untold damages to minorities including plaintiff herein.

.

69. Defendants have deprived plaintiffs of her civil, constitutional and statutory rights as a result of the unlawful discrimination, hostile work environment and retaliation due

to the practice and policy of failing to train employees regarding same and/or failing to investigate charges of same.

**COUNT X**
**SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

70. Plaintiff re-alleges paragraphs 1 through 69 and incorporate them by reference as paragraphs 1 through 69 of Count X of this Complaint.

71. Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon sexual orientation or for having made charges of same.

72. Plaintiff alleges that based upon the foregoing, Defendants CITY OF NEW YORK, discriminated against the Plaintiff based on her sexual orientation and for having made charges of same.

73. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, plaintiff has suffered the indignity of sexual orientation discrimination, and great humiliation.

74. Plaintiff alleges that because of Defendants CITY OF NEW YORK's violations, Plaintiff has been damaged.

**COUNT XI**
**GENDER DISCRIMINATION IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

75. Plaintiff re-alleges paragraphs 1 through 74 and incorporate them by reference as paragraphs 1 through 74 of Count XI of this Complaint.

76. Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon gender or for having made charges of same.

77. Plaintiff alleges that based upon the foregoing, Defendants CITY OF NEW YORK, discriminated against the Plaintiff based on her gender and for having made charges of same.

78. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, plaintiff has suffered the indignity of gender discrimination, and great humiliation.

79. Plaintiff alleges that because of Defendants CITY OF NEW YORK's violations, Plaintiff has been damaged.

## COUNT XII

### RETALIATION IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 296

80. Plaintiff re-alleges paragraphs 1 through 79 and incorporate them by reference as paragraphs 1 through 79 of Count XII of this Complaint.

81. Plaintiff alleges that New York State Executive Law §296, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon race, gender and sexual harassment and makes it illegal to retaliate for charging same.

82. Plaintiff alleges that based upon the foregoing, CITY OF NEW YORK, discriminated against the Plaintiff based on sexual orientation, gender, sexual harassment and in retaliation for charging same.

83. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK,  plaintiff has suffered the indignity of retaliation and great humiliation.

84. Plaintiff alleges that because of CITY OF NEW YORK's violations, Plaintiff has been damaged.

**COUNT XIII**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW §296**

85. Plaintiff re-alleges paragraphs 1 through 84 and incorporates them by reference as paragraphs 1 through 84 of Count XIII of this Complaint.

86. Plaintiff alleges that New York State Executive Law §296, makes it unlawful to create, condone and/or tolerate a hostile working environment based upon sexual orientation, gender, sexual harassment, and retaliation.

87. Plaintiff alleges that based upon the foregoing, CITY OF NEW YORK, created, condoned and tolerated a hostile working environment which negatively affected the terms and conditions of her employment.

88. Plaintiff alleges that CITY OF NEW YORK, created, condoned and tolerated a hostile working environment which caused Plaintiff to sustain damages.

## COUNT XIV

### SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-101 *et seq.*

89. Plaintiff re-alleges paragraphs 1 through 88 and incorporates them by reference as paragraphs 1 through 88 of Count XIV of this Complaint.

90. Plaintiff alleges that New York City Administrative Code §8-101 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon sexual orientation and makes it illegal to retaliate for charging same.

91. Plaintiffs allege that based upon the foregoing, Defendants CITY OF NEW YORK, discriminated against the Plaintiff based upon her sexual orientation and in retaliation for charging same.

92. Plaintiff alleges that as a direct and proximate result of the unlawful employment discrimination based on sexual orientation practices of Defendants CITY OF NEW YORK, Plaintiff has suffered the indignity of sexual orientation discrimination, retaliation and great humiliation.

93. Plaintiff alleges that because of Defendants CITY OF NEW YORK's violations, Plaintiff has been damaged.

## COUNT XV
### GENDER DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE § 8-101 *et seq.*

94. Plaintiff re-alleges paragraphs 1 through 93 and incorporates them by reference as paragraphs 1 through 93 of Count XV of this Complaint.

95. Plaintiff alleges that New York City Administrative Code §8-101 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon gender and makes it illegal to retaliate for charging same.

96. Plaintiff alleges that based upon the foregoing, Defendants CITY OF NEW YORK, discriminated against the Plaintiff based upon her gender and in retaliation for charging same.

97. Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, Plaintiff has suffered the indignity of gender discrimination, sexual harassment and retaliation and great humiliation.

98. Plaintiff alleges that because of Defendants CITY OF NEW YORK's violations, Plaintiff has been damaged.

## COUNT XVI

### RETALIATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE §8-101 *et seq.*

99. Plaintiff re-alleges paragraphs 1 through 98 and incorporate them by reference as paragraphs 1 through 98 of Count XVI of this Complaint.

100.   Plaintiff alleges that New York City Administrative Code §8-101 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based upon sexual orientation, gender and sexual harassment and makes it illegal to retaliate for charging same.

101.   Plaintiff alleges that based upon the foregoing, Defendants CITY OF NEW YORK, discriminated against the Plaintiff based upon her sexual orientation, gender, and sexual harassment and in retaliation for charging same.

102.   Plaintiff alleges that as a direct and proximate result of the unlawful employment practices of Defendants CITY OF NEW YORK, Plaintiff has suffered the indignity of sexual orientation, gender, sexual harassment discrimination, retaliation and great humiliation.

103.   Plaintiff alleges that because of Defendants CITY OF NEW YORK's violations, Plaintiff has been damaged.

**COUNT XVII**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE §8-101 *et seq.***

104.   Plaintiff re-alleges paragraphs 1 through 103 and incorporate them by reference as paragraphs 1 through 103 of Count XVII of this Complaint.

105.   Plaintiff alleges that New York City Administrative Code §8-101 *et seq.*, makes it unlawful to create, condone or and/or tolerate a hostile working environment based upon sexual orientation, gender, sexual harassment discrimination, and retaliation for charging same.

106.   Plaintiff alleges that based upon the foregoing, Defendants CITY of YORK, created, condoned and/or tolerated a hostile working environment which negatively affected the terms and conditions of her employment.

107.   Plaintiff alleges that Defendants CITY OF NEW YORK's violations caused Plaintiff to sustain damages.

## JURY TRIAL

108.   Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands compensatory and punitive damages from these

Defendants jointly and severally, in an amount to be determined at trial, plus any available

statutory remedies, both legal and equitable, and interests and costs.

Dated: December 6, 2022
          Larchmont, NY

                          **CRONIN & BYCZEK, LLP**
                          *Attorneys for Plaintiff*


BY: _____
                          Linda M.Cronin, Esq.
                          178 Myrtle Blvd, Suite 105
                          Larchmont, NY 10538
                          (516) 358-1700